## Overman v. Center Coal Co. et al.

*George Jerko*, for claimant.
*Jack & Jack*, for defendants.

CREPS, P. J., September 30, 1942.—In this compensation case the referee made an award to claimant for compensation covering loss of the industrial use of his left eye which the referee found to be permanent. An appeal was taken by defendant to the board. The particular points stressed by defendant under the appeal were: (1) That claimant had failed to establish his earnings as required by law, complaint being made, in this connection, of the admission of evidence as to earnings of other employes of the defendant; (2) that by reason of the violation of an order of defendant claimant was not in the course of his employment at the time of the accident; and (3) that the evidence did not disclose that claimant had lost the industrial vision of his left eye. As to all of these elements, the referee had found favorably to the claimant.

In the body of its opinion, the board discussed all of the matters that were in controversy and expressed its belief that as to the items listed under (1) and (2) above the referee's determination was proper. As to item (3) the board was of the opinion that the medical testimony did not justify a finding of permanency, the physician having said that it would require about a year following the accident before that fact could be definitely known, and the board stated, in the body of its opinion, "we believe it necessary to send the case back for examination of the claimant's eye by an impartial eye specialist".

The formal order of the board is as follows:

"The findings of fact, conclusions of law and award of Referee Schwing dated December 15, 1941, are vacated and set aside and the case is remanded for examination and study of the claimant's eye by an impartial

specialist to be named by the board; said appointee to determine whether or not the loss of industrial vision in the claimant's eye has become permanent."

Handled as the matter was by the board, there necessarily appears to be some inconsistency between their views as expressed in the body of the opinion, particularly as to the elements mentioned above under (1) and (2), approving the position taken by the referee, and their final order vacating and setting aside the findings, conclusions and award of the referee. It was under these circumstances that defendant, as stated on the argument, was uncertain as to its position if it failed to appeal, and in order certainly to preserve its right filed the present appeal to the court.

In our view of the matter, regardless of what was said by the board in the body of its opinion, the legally effective action was what was done by its final order, by which, as we have seen, the findings, conclusions and award were completely "vacated and set aside". The result is that there is now no legally effective finding against defendant; the matter is as though none had ever been made. In our opinion, it is not merely a case of a premature appeal; it is rather a situation in which there was nothing adverse to defendant which required an appeal.

Under the existing circumstances, in our opinion, the proper procedure is for this court to return the case to the compensation authorities so that the board's original purpose, namely, to secure the opinion of an impartial eye specialist, may be effected. The compensation authorities, and all other interested parties, should bear in mind that as the matter now stands there are *no findings of fact, no conclusions of law and no award*, since, as we have seen, those already made have been "vacated and set aside". Accordingly, it will require complete disposition of the case, in those respects, including the determination of all controverted matters. To the record so to be made, the respective parties will then have the right of appeal.

### Order and decree

And now, September 30, 1942, upon due consideration, it is ordered and directed that this case, and the record therein, shall be returned to the Workmen's Compensation Board for further proceedings therein as suggested in the foregoing opinion and discussion; and, for the purpose of clearing the record, the present appeal is quashed.